IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,785-03






EX PARTE MICHAEL EARL HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 67768 IN THE 252
ND DISTRICT COURT


FROM JEFFERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and
sentenced to fifteen years' imprisonment. He did not appeal his conviction.

 Applicant contends that he should have a discharge date of September 2009, but because of a
mistake in the records of the Texas Department of Criminal Justice's Correctional Institutions Division, he
says that he is scheduled to be discharged in September 2012. Applicant has alleged facts that, if true,
might entitle him to relief. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and Parole
Division, to file affidavits listing Applicant's sentence begin date and the dates of issuance of any revocation
warrants leading to the revocation of such parole or mandatory supervision. The affidavits should state
whether Applicant is serving a sentence for, or has previously been convicted of, an offense listed in Tex.
Gov't Code § 508.149(a) at the time of Applicant's revocation. The affidavits should also address how
much time was remaining on this sentence on the date Applicant was released on parole or mandatory
supervision, and how much time Applicant spent on release before the issuance of any revocation warrant.
The affidavits should state whether Applicant is receiving credit for any of the time he spent on parole or
mandatory supervision. Finally, the affidavits should indicate whether Applicant has submitted his claim to
the time credit resolution system of TDCJ, and if so, whether claims submitted by persons confined at
Intermediate Sanction Facilities are accepted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel,
the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether the time credit resolution system
accepts claims submitted by persons confined at Intermediate Sanction Facilities, and if so, whether
Applicant has properly exhausted his administrative remedies as required by Tex. Gov't Code §
501.0081(b)-(c). The trial court shall then make findings as to whether Applicant's discharge date is
correct. The trial court shall also make findings as to whether Applicant is receiving the proper amount of
time credit for any time he spent on parole or mandatory supervision. Finally, the trial court shall make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: December 12, 2007

Do not publish